UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| VIVIAN BROWN A/K/A<br>QUEEN ASADI SAFFIYAH EL | CIVIL ACTION |
| VERSUS | NO. 12-2538 |
| MAJOR J. SPINNEY | SECTION "I"(4) |

### REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations pursuant to **28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. *See* 28 U.S.C. § 2254(e)(2) (2006).[1]

### I.   State Factual and Procedural Background

The petitioner, Vivian Brown a/k/a Queen Asadi Saffiyah El ("Brown"), was incarcerated in the Orleans Parish Prison after she was held to be in direct contempt by a judge in Section D of the Municipal Court of New Orleans on September 26, 2012.[2] The municipal court addendum

---

[1]Under 28 U.S.C. § 2254(e)(2), an evidentiary hearing is held only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by the exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[2]Rec. Doc. No. 1; Rec. Doc. No. 12-1.

indicates that Brown was taking pictures in the courtroom with her cell phone during a criminal proceeding related to her husband.[3] When asked, she denied that she was. The Court had her phone taken away, and she screamed numerous profanities at court personnel. She was taken into custody to serve 60 days in jail for her contempt.

Brown did not pursue review of the contempt order. In addition, on December 4, 2012, after her sentence would have expired, a handwritten entry was made on the Court's addendum reading "nol pros."

## II.  Federal Petition

On October 16, 2012, the clerk of Court filed Brown's federal petition for habeas corpus relief.[4] Construing her *pro se* pleadings broadly, Brown appears to raise the following grounds for relief:[5] (1) she was denied equal protection when the Municipal Court personnel failed to recognize her status as a Moorish national; (2) she was denied due process when she was forcibly grabbed without warning and pushed against a wall when she tried to take pictures of her husband, who had been restrained after he told the court that he felt threatened by the deputies, and then removed from the courtroom without a warrant or trial; (3) she was not advised of the nature of the accusations against her; and (4) she was denied her rights to sovereign immunity as an aboriginal Moorish queen as provided for in the treaties between Morocco and the United States of America.

After several orders from the Court, the City of New Orleans begrudgingly filed a response to the petition stating simply and incorrectly that Brown was without appellate or post-conviction

---

[3]Rec. Doc. No. 12-1.

[4]Rec. Doc. No. 1.

[5]*Id*. at 6-10.

remedies under state law.[6]  In spite of the Court's three orders, the City Attorney failed to address the procedural propriety or the merits, *vel non*, of Brown's claims.[7]

## III.     General Standards of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214,[8] applies to this petition, which was filed in this Court on October 18, 2012.[9] The threshold questions in habeas review under the amended statute are whether the petition is timely and whether the claim raised by the petitioner was adjudicated on the merits in state court; *i.e.*, the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim.  *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

---

[6]Rec. Doc. No. 12.

[7]The Court must clarify the misconception had by the City Attorney's Office in its response. The City Attorney for the City of New Orleans is the appropriate entity to respond to Brown's petition. It is a basic premise that a federal habeas petitioner must name as the respondent the person having custody over him or her. *See* Rule 2(a), Rules Governing Section 2254 Cases. Here, Brown properly named Major J. Spinney, who the Court takes notice is the Warden at the Templeman Jail, Phase V, within the Orleans Parish Prison, where she was housed. The Court must then serve the petition on and order a response from the state attorney general or other appropriate official with regard to the judgment in question. *See* Rule 4, Rules Governing Section 2254 Cases (and Comment to 2004 Amendment). The judgment challenged by Brown was issued by the Municipal Court of New Orleans. According to Sections 4-401 and 4-405 of the City Charter, the City Attorney is responsible for all legal matters, including receipt of service, related to the City and its departments, which by statute would include the Municipal Court of New Orleans. *See* La. Rev. Stat. Ann. § 13:2491 *et seq*. Thus, while the City was not a named respondent, the City Attorney's Office was the appropriate office to be served and ordered to answer on behalf of the respondent.

[8]The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254, and applied to habeas petitions filed after its effective date, April 24, 1996. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)). The AEDPA, signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. *United States v. Sherrod*, 964 F.2d 1501, 1505 n.11 (5th Cir. 1992).

[9]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999); *Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). In the instant case, the records of the clerk of court reflect that Brown's petition was hand delivered on her behalf to the Court on October 18, 2012.

As noted above, the City does not specifically address these procedural issues or the substance of Brown's claims. Instead, the City argues only and incorrectly that there is no state appellate or post-conviction review of her contempt order. For the following reasons, the Court finds *sua sponte* that Brown has failed to exhaust available state court remedies and alternatively, her petition is now moot.

## IV.    Exhaustion Requirement

As discussed below, exhaustion requires presentation of each claim and legal theory through each required level of state court review. Brown did not seek any review of her contempt charge before filing the instant federal petition. The Court finds that the City's representation that no such remedy existed is erroneous. The Court therefore raises Brown's failure to exhaust *sua sponte*. *Accord Kurtzemann v. Quarterman*, 306 F. App'x 205, 206 (5th Cir. 2009) (district court may sua sponte raise failure to exhaust, and notice of and an opportunity to respond to the exhaustion issue must be given) (citing *Day v. McDonough*, 547 U.S. 198, 209-10 (2006) (addressing limitations) and *Magouirk v. Phillips*, 144 F.3d 348, 358 (5th Cir. 1998) (addressing exhaustion)); *see also*, 28 U.S.C. § 2254(b)(3) (the State's failure to raise exhaustion is not a waiver of the defense).

Accordingly, **petitioner is hereby specifically advised and instructed that this report and recommendation is notice to her that this court is *sua sponte* raising the issue of exhaustion and that petitioner must submit any evidence or argument concerning the default as part of any objections he may file to this report.** *Magouirk*, 144 F.3d at 350, 360.

"A fundamental prerequisite to federal habeas relief under § 2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief." *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998) (citing *Rose v. Lundy*, 455 U.S. 509, 519-20 (1982)); *Nobles*, 127 F.3d at

419.  "A federal habeas petition should be dismissed if state remedies have not been exhausted as to all of the federal court claims."  *Whitehead*, 157 F.3d at 387 (citing 28 U.S.C. § 2254(b)(1)(A); *Rose*, 455 U.S. at 519-20).

The well-established test for exhaustion requires that the substance of the federal habeas claim be fairly presented in a procedurally proper manner to the highest state court.  *Whitehead*, 157 F.3d at 387 (citing *Picard v. Connor*, 404 U.S. 270, 275-78 (1971)).  This means that "[s]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including discretionary review when that review is part of the State's ordinary appellate review procedures.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

In the instant matter, Brown was charged by the Municipal Court Judge with direct contempt and was punished with a sixty-day jail sentence for her prohibited acts and outburst in the courtroom.  A person is in direct criminal contempt when they engage in "[c]ontumacious, insolent, or disorderly behavior toward the judge or an attorney or other officer of the court, tending to interrupt or interfere with the business of the court or to impair its dignity or respect for its authority."  La. Code Crim. P. art. 21.  Under Louisiana law, when the purpose of the contempt sentence is to punish this type of behavior, the contempt proceeding is in the nature of a criminal proceeding and the defendant is entitled to the protections associated therewith.  *State in Interest of R.J.S.*, 493 So.2d 1199, 1202-1203 (La.1986); *HCNO Services, Inc. v. Secure Computing Systems, Inc.*, 693 So.2d 835, 845 (La. App. 4th Cir. 1997); *Legrand v. Legrand*, 455 So.2d 705, 709 (La. App. 5th Cir. 1984).

Under La. Const. Art. 5§5(D)(2) and (E), the Louisiana Supreme Court retains direct supervisory review over certain criminal matters. Pursuant to La. Const. Art. 5§10(C), a criminal defendant has a right to appeal or review in all non-jury criminal matters as provided by state law. The law in Louisiana is long resolved that, when a contempt judgment is criminal in nature, there is no appeal to the circuit court and direct review instead lies within the supervisory powers of the Louisiana Supreme Court. *Dove v. Dove*, 386 So.2d 127, 129 (La. App. 3d Cir. 1980); *Moity v. Mahfouz*, 137 So.2d 513, 514 (La. App. 3d Cir. 1961) (court of appeal had no supervisory jurisdiction to review validity of criminal contempt conviction). In addition, the Louisiana courts have recognized that collateral post-conviction review is available to challenge a criminal contempt conviction under La. Code Crim. P. art. 926 *et seq*. *Germain v. Breaux*, 702 So.2d 691, 692 (La. App. 3d Cir. 1997) (citing *State v. Broussard*, 490 So.2d 273 (La. 1986); *State v. St. Pierre*, 515 So.2d 769 (La. 1987); and *State v. Scott*, 508 So.2d 101 (La. App. 2d Cir.1987), *affirmed in part*, *reversed in part*, 519 So.2d 104 (La. 1988); *see also*, La. Code Crim. P. art. 930.3 (relief available to "petitioner . . . in custody after sentence for conviction for an offense."); *State v. Donsereaux*, 496 So.2d 423, 425 (La. App. 4th Cir. 1986) (construing a motion for new trial on a criminal contempt charge as an application for post conviction relief). Thus, contrary to the City's representations, Louisiana law does provide for both direct supervisory and collateral post-conviction review from Brown's criminal contempt conviction.

The record reflects, and Brown concedes in her petition, that she did not pursue any review of her conviction before filing for federal habeas relief. She did not pursue supervisory review in

the Louisiana Supreme Court nor has she pursued collateral post-conviction review through the Louisiana Fourth Circuit or the Louisiana Supreme Court.[10]

As discussed above, "[w]hen a petitioner fails to properly raise his federal claims in state court, he deprives the State of 'an opportunity to address those claims in the first instance' and frustrates the State's ability to honor his constitutional rights." *Cone v. Bell*, 556 U.S. 449, 465 (2009) (quoting *Coleman v. Thompson*, 501 U.S. 722, 729, 732 (1991)). Brown has not exhausted available state court remedies as to any of her claims. *Accord Morace v. Cain*, 193 F.3d 517, 1999 WL 706167, at *1 (5th Cir. Aug. 20, 1999) (Table, Text in Westlaw) (quoting *Mercadel v. Cain*, 179 F.3d 271, 275, 1999 WL 409655, at *4 (5th Cir. 1999)).

The record discloses no good cause for Brown's failure to properly and fully exhaust her claims, and the Court can find none from its review of the record. *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005) (dismissal is appropriate where no good cause is shown for the failure to exhaust). Her petition can be dismissed for these reasons.

## V. **Custody and Mootness**

In the alternative, the record indicates that, while this Court has jurisdiction, Brown's habeas petition has been rendered moot for the following reasons. Title 28 U.S.C. § 2241(d) "gives the United States district courts jurisdiction to entertain petitions for habeas relief <u>only</u> from persons who are 'in custody in violation of the Constitution or laws or treaties of the United States.'" (emphasis added) *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (quoting 28 U.S.C. § 2241(c)(3)); 28 U.S.C. § 2254(a); *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987) (To be eligible for federal habeas corpus relief, a petitioner must be "in custody" and have exhausted state court

---

[10]A member of the undersigned Magistrate Judge's staff has contacted the office of the clerk of the Louisiana Supreme Court to confirm that Brown has not pursued relief in that court.

remedies).  The United States Supreme Court has interpreted this statutory language to require that the habeas petitioner be "in custody" for the conviction or sentence under attack at the time the current petition is filed.  *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 401 (2001); *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (whether a petitioner is "in custody" is determined as of the date on which the habeas petition is filed); *Maleng*, 490 U.S. at 490-91 (citing *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968)); *Port v. Heard*, 764 F.2d 423, 425 (5th Cir. 1985).

The *Maleng* Court further held that a habeas petitioner is not considered to be "in custody" when his sentence has expired for the challenged conviction and there are no collateral consequences left to constrain him.  *Maleng*, 490 U.S. at 492 (citing *Carafas*, 391 U.S. at 238); *cf. Hendrix v. Lynaugh,* 888 F.2d 336, 338 (5th Cir.1989) (adverse consequences of expired sentence, including possibility that conviction may be used to impeach future testimony and enhance future punishment, held insufficient to satisfy the "in custody" requirement of § 2254); *accord Steverson v. Summers*, 258 F.3d 520, 524 (6th Cir. 2001); *Pleasant v. State*, 134 F.3d 1256, 1258 (5th Cir. 1998).  While recognizing that a prisoner need not be physically confined to still be "in custody," the Court noted:

> We have never held, however, that a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has *fully expired* at the time his petition is filed.  Indeed, our decision in *Carafas v. La Vallee*, *supra*, strongly implies the contrary.

*Maleng*, 490 U.S. at. 491.  This means that the adverse collateral consequences of a conviction do not necessarily render an individual "in custody" for purposes of federal habeas relief for purposes of § 2254. *Maleng*, 490 U.S. at 492.

In this case, the record indicates that Brown was in custody, i.e. housed in the Orleans Parish prison system serving the contempt sentence, when her federal petition was filed.  Since that time, it has become apparent that Brown is no longer in the prison.  The record shows that certain

8

documents mailed to her by the clerk of this Court have been returned as undeliverable, indicating that she is no longer in that facility. The record also contains the handwritten notation on the criminal case addendum which indicates that the contempt charges were dismissed by entry of a nolle prosequi on December 4, 2012, albeit over 60 days after Brown was sentenced and placed in the jail to serve her sentence.

Nevertheless, once the jurisdictional prerequisite of custody is met at the time of filing, it is not lost, and jurisdiction is not defeated, merely by the petitioner's subsequent release from custody. *Carafas*, 391 U.S. at 238; *Port*, 764 F.2d at 425. In this case, the record tends to establish that Brown was incarcerated and in custody on the date she filed this federal petition for habeas corpus relief. The custody requirement appears to have been met at the time of filing. The fact that she was subsequently released from prison does not divest this court of jurisdiction over this federal petition.

However, even where jurisdiction is not lost, a habeas petition may be rendered moot, when by subsequent events, "the court cannot grant the relief requested by the moving party." *Salgado v. Federal Bureau of Prisons*, 220 F. App'x 256, 257 (5th Cir. 2007) (citing *Brown v. Resor*, 407 F.2d 281, 283 (5th Cir. 1969) and *Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987)). The Supreme Court has recognized that an unconditional release from prison can render a federal habeas petition moot. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). In addition, dismissal of the criminal proceedings against the petitioner leaves nothing left to challenge and renders the habeas petition moot. *See Smith v. Bogan*, 31 F. App'x 152, 2001 WL 1747885, at *1 (5th Cir. Dec. 11, 2001). Both causes appear to be the case here.

As relief in this case, Brown sought only her immediate release.[11] Brown has achieved that status as she is no longer incarcerated and the sixty day sentence has expired. The record and the court's research do not indicate that Brown will suffer any continuing collateral consequence from the contempt proceeding, especially in light of the nolle prosequi entry. For these reasons, Brown's petition may considered moot and dismissed for that reason.

## VI. Recommendation

For the foregoing reasons, it is **RECOMMENDED** that Vivian Brown's petition for issuance of a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies or alternatively as moot.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415, 1430 (5th Cir. 1996).[12]

New Orleans, Louisiana, this 23rd day of October, 2013.

                **KAREN WELLS ROBY**
                **UNITED STATES MAGISTRATE JUDGE**

---

[11] Rec. Doc. No. 1, p. 16.

[12] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.